Keating, J. (dissenting).
The sole question in this case is whether appellant is entitled to be remanded for resentencing. It is undisputed that at the time of sentencing appellant did not have counsel present — and that he repeatedly requested the court to delay sentencing until his lawyer arrived.
Equally apparent is the fact that both courts below, as well as a majority of this court, concluded that appellant was simply stalling in an attempt to avoid the imposition of sentence or for some other “ unknown objective ”.
Notwithstanding this factual inference, which I think fails to find support in the record, it is well settled that, absent an intentional waiver (cf. Arellanes v. United States, 353 F. 2d 270), a defendant is entitled to be represented by counsel at the sentencing stage of a criminal trial (People v. Hannigan, 7 N Y 2d 317; Berry v. New York, 375 U. S. 160). Waiver of this valuable right should not be lightly inferred.
The appellant’s assertion that his lawyer would arrive momentarily may have been false. As the Appellate Division suggested, appellant may indeed have discharged his lawyer by the time of sentencing as a purely dilatory tactic. To deny him counsel, however, was an unjustified means of coping with even a contrived delay. Neither the court nor the appellant was going anywhere and in the circumstances the court should have delayed the sentencing temporarily or retained the appellant for sufficient time to give counsel—-if counsel there was — sufficient time to arrive. At the very least, the court could have assigned counsel to represent appellant at this crucial stage.
*687 The judgment should be reversed and the appellant should be remanded to the Supreme Court, New York County, for resentencing.
Judgment affirmed.